**Stephen M. FLATOW, Plaintiff,**

**v.**

**The ISLAMIC REPUBLIC OF IRAN, The Iranian Ministry of Information & Security, Ayatollah Ali Hoseinie Khamenei, Ali Akbar Hashemi–Rafsanjani, Ali Fallahian–Khuzestani, and John Does 1–99, Defendants,**

**FMC Corporation, Garnishee–Defendant.**

**No. 97–396 (RCL).**

United States District Court, District of Columbia.

Dec. 10, 1999.

Steven R. Perles, Washington, DC, Thomas Fortune Fay, Washington, DC, for plaintiff.

Vincent M. Garvey, Wilma Lewis, Frank W. Hunger, Phillip D. Bartz, John Niemeyer, Carol Federighi, Sanjay Bhambhani, United States Department of Justice, Civil Division, for United States, intervenor.

### *MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

This matter comes before the Court on Garnishee–Defendant FMC Corporation's ("FMC") Motion to Dissolve the Writ of Attachment levied upon "any money, property or credits" FMC owes to Iran. Upon consideration of the motion, the memoranda in support of and in opposition thereto, the applicable law, and for the reasons set forth below, the Court hereby GRANTS

Garnishee–Defendant's Motion and QUASHES the Writ of Attachment issued.

Plaintiff seeks to attach an arbitration award issued in favor of Iran by the Iran–United States Claims Tribunal. *See FMC Corporation v. The Islamic Republic of Iran,* Award No. 292–353–2 (Iran–United States Claims Tribunal February 12, 1987) (award arising out of dispute over contract for military equipment). Plaintiff contends that two provisions of the Foreign Sovereign Immunities Act ("FSIA") authorize this action. 28 U.S.C.A. § 1610(a)(7) & (f)(1)(A) (West Supp.1999).

Section 1610(a)(7) of the FSIA authorizes the attachment of property of a foreign state that is "used for commercial activity in the United States" to satisfy judgments awarded under the FSIA's state-sponsored terrorism exception, Section 1605(a)(7). As explained below, plaintiff's claim under this provision fails because the statute of limitations for enforcing the award has expired, thus rendering the award null and void.

 The Algiers Accords are not self-executing. *See The Islamic Republic of Iran v. United States,* Award No. 586–A27–FT, ¶ 8 (Iran–United States Claims Tribunal June 5, 1998) (stating that the terms "final and binding" in an international arbitration agreement do not mean an award is self-executing); *Iran Aircraft,* 980 F.2d at 144 (noting that the Accords contain no mechanism for direct enforcement of awards issued against U.S. nationals); *see also Islamic Republic of Iran v. Boeing,* 771 F.2d 1279, 1283 (9th Cir.1985). Rather, enforcement of foreign arbitral awards, such as Tribunal awards, are governed by the New York Convention[1] and Chapter II of the Federal Arbitration Act, 9 U.S.C.A. §§ 201–208 (West 1999) ("Arbitration Act"), which implements provisions of the Convention into domestic law. *Ministry of Defense v. Gould,* 887 F.2d 1357, 1362 (9th Cir.1989). Notably, the Arbitra-

tion Act requires parties to confirm arbitration awards within three years of their issuance. *See* 9 U.S.C. § 207 (providing that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration"). Courts addressing claims under the Arbitration Act have construed Section 207 to be a statute of limitations. *See, e.g., Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co.,* 989 F.2d 572, 580 (2d Cir.1993); *In re Consolidated Rail Corp.,* 867 F.Supp. 25, 30 (D.D.C.1994) (recognizing Section 207 as a three-year statute of limitations).

 The award against FMC was issued on February 12, 1987, which was twelve years ago. Plaintiff points to no authority that suggests that the confirmation period has been extended or tolled. Thus, because the statute of limitations for confirming this award has expired, neither Iran nor anyone purporting to act on its behalf has cognizable or enforceable property rights in this award. *See Phillips v. Sugrue,* 886 F.Supp. 63, 64 (D.D.C.1995) (holding that "a judgment creditor's rights against a garnishee cannot be greater than those which the debtor would have in absence of the garnishment"). Accordingly, an expired, unenforceable award does not constitute "property used for commercial activity in the United States." 28 U.S.C.A. § 1610(a)(7).

Plaintiff's claim under another enforcement provision of the FSIA, Section 1610(f)(1)(A), likewise fails. As explained in greater detail in this Court's opinion issued today concerning other writs of attachment levied in this case, Section 1610(f)(1)(A) is unavailable to the plaintiff because the President has "waived the requirements of this section in the interest of

---

**1.** New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 ("New York Convention" or "the Convention").

national security." *See* Memorandum Opinion, *Flatow v. Islamic Republic of Iran*, 76 F.Supp.2d 16, 24–26 (D.D.C. 1999); *see also* Waiver of Exception to Immunity from Attachment or Execution, Pub.L. 105–277, Title I, § 117(d), 112 Stat. 2681 (October 21, 1998) (stating that "[t]he President may waive the requirements of this section ... in the interest of national security"); *see also* Determination to Waive Requirements Relating to Blocked Property of Terrorist–List States, 63 Fed. Reg. 59201 (October 21, 1998) (exercising authority to waive requirements under § 117(d) and stating that such requirements "would impede the ability of the President to conduct foreign policy in the interest of national security").

For the reasons set forth above, it is hereby

ORDERED that Garnishee–Defendant FMC's Motion is GRANTED;

it is further

ORDERED that the Writ of Attachment is QUASHED; and

it is further

ORDERED that Garnishee–Defendant's Motion for a Protective Order is DENIED as MOOT.

SO ORDERED.